

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 6 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MIGUEL ANGEL MACIAS-FUENTES,　§
　　　　　　　　　　　　　　　　§
　　　　　　Movant,　　　　　　　§
　　　　　　　　　　　　　　　　§
VS.　　　　　　　　　　　　　　 §　　NO. 4:16-CV-126-A
　　　　　　　　　　　　　　　　§　　(NO. 4:13-CR-019-A)
UNITED STATES OF AMERICA,　　　§
　　　　　　　　　　　　　　　　§
　　　　　　Respondent.　　　　　§

## MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Miguel Angel Macias-Fuentes ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, movant's reply, and pertinent parts of the record in Case No. 4:13-CR-019-A, styled "United States of America v. Macias-Fuentes," the court has concluded that such motion should be denied.

I.

## Background

On March 29, 2013, movant entered a plea of guilty to illegal reentry after deportation. CR Doc.[1] 1 & CR. Doc. 12. Movant's advisory guideline range was 77 to 96 months imprisonment, and on July 12, 2013, the court sentenced him to a

---

[1] The "CR Doc. _" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:13-CR-019-A.

term of 120 months' imprisonment[2] and three years of supervised

release. CR Doc. 30 & CR Doc. 32. Movant appealed his sentence

and the sentence was affirmed. <u>United States v. Macias-Fuentes</u>,

582 F. App'x 437 (5th Cir. 2014), <u>cert denied</u>, 135 S. Ct. 1447

(2015).

    The government does not dispute that movant has timely filed

his motion under 28 U.S.C. § 2255. The pertinent facts are

adequately summarized by the government's response and will not

be repeated here.

II.

<u>Grounds of the Motion</u>

    Movant asserts three grounds in support of his motion. Doc.[3]

1 at 7. The grounds, as stated by movant, are as follows:

        Ground One: Whether trail counsel was ineffective for giving
        the petitioner improper advice during the plea process in
        violation of petitioners due process.

        Supporting Facts: My lawyer failed to properly explain to me
        that by pleading guilty, the court could give me a higher
        sentence than that which was recommended, had my lawyer
        effectively explained this to me, I would not have plead
        guilty and went to trial. My lawyer mislead me.

                    * * * * * *

---

[2] The court imposed an above the guidelines sentence citing movant's serious criminal history.
CR. Doc. 38 at 11-18.

[3] The "Doc. _" references are to the numbers assigned to the referenced documents on the
docket of this case, No. 4:16-CV-126-A.

Ground Two: Whether trial counsel was ineffective for
coercing the petitioner when to say "yes" or "no" to
questions during the plea stage, where petitioner legally
did <u>not</u> understand the court's questions.

Supporting Facts: During the acceptance of my plea, the
court ask me questions I did not understand, my lawyer told
me when to say yes and when to say no. My lawyer coerced to
plead to and accept conditions I did not understand. My
transcripts support that I told my lawyer I did not
understand.

\* \* \* \* \* \*

Ground Three: Whether trial counsle was ineffective for not
explaining to the petitioner his right to go to trial, where
a guilty verdict would have resulted in a lesser sentence
than that which he plead guilty to.

Supporting Facts: Trial counsle violated my right to go to
trial by threatening that I would get 20 years if I did not
plead guilty. I constantly told my lawyer I couldn't get 20
years but he made me plead guilty. I would likely have
gotten lesser sentence had I gone to trial.

Doc. 1 at 7.

### III.

### <u>Analysis</u>

A.   <u>Pertinent Legal Principles</u>

1.   <u>Legal Standard for 28 U.S.C. § 2255</u>

After conviction and exhaustion of any right to appeal,

courts are entitled to presume that a defendant stands fairly and

finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-65

(1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir.

1991).

3

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

2.   Legal Standard for Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland,

4

466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750,

751 (5th Cir. 2000). "The likelihood of a different result must

be substantial, not just conceivable," Harrington v. Richter, 562

U.S. 86, 112 (2011), and a movant must prove that counsel's

errors "so undermined the proper functioning of the adversarial

process that the trial cannot be relied on as having produced a

just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011)

(quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this

type of claim must be highly deferential and movant must overcome

a strong presumption that his counsel's conduct falls within the

wide range of reasonable professional assistance. Strickland,

466 U.S. at 689. Stated differently, the question is whether

counsel's representation amounted to incompetence under

prevailing professional norms and not whether it deviated from

best practices or most common custom. Premo v. Moore, 562 U.S.

115, 122 (2011).

B.   The Grounds of the Motion are Without Merit

     1.   Ground One

     Movant's first ineffective assistance of counsel claim is

based on his allegation that he did not understand that a

sentence above the guidelines could be imposed. Doc. 1 at 7.

However, at his rearraignment, the court told movant just that.

At movant's rearraignment hearing the court explained, "[i]n

federal court, the judge determines the penalty if a defendant is

5

convicted, whether it is on a verdict of a jury or on a plea of guilty." CR. Doc. 37 at 12. The court also stated that it could impose a sentence that is more severe than the guideline sentence. CR. Doc. 37 at 15-16. Following those explanations, movant entered a plea of guilty. CR. Doc. 37 at 27. Thus, movant's claims are nothing more than conclusory allegations which cannot sustain a claim for ineffective assistance of counsel. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983).

     2.   Ground Two

     Movant's second ineffective assistance of counsel claim is that counsel coerced him into entering a plea of guilty and instructed him on when to say yes and when to say no during proceedings before the court. Doc. 1 at 7. Movant's claims are not supported by the record. The court stressed that a plea of guilty must be voluntary and "not be induced or prompted by any promises, mental pressure, threats, force, coercion, or pressure of any kind," and following this explanation, movant indicated that his plea was voluntary. CR Doc.37 at 12-13.

     Movant claims that his transcripts support his claim that he was coerced by counsel. Doc. 1 at 7. However, the highlighted portions of movant's transcripts do not show counsel telling defendant when to say yes and no, only that counsel asked for a moment to explain something to movant. Doc. 1 at 12; CR. Doc. 37

at 19. Instead, as discussed above, the transcript of movant's rearraignment reflects that movant was told repeatedly his plea of guilty must be entered voluntarily and he affirmed multiple times that he understood the proceedings and wanted to enter a voluntary plea of guilty.  CR. Doc. 37 at 13, 18, 22, & 26-27.

3.   <u>Ground Three</u>

Movant's third ground for ineffective assistance of counsel alleges that counsel threatened him that he would get twenty years imprisonment if he did not enter a plea of guilty. As explained above, movant was told that the court, and no one else, would determine punishment and that a sentence above the guidelines might be imposed. CR. Doc. 37 at 12, 15-16. As to an alleged threat by counsel that if he went to trial he would be sentenced to twenty years, at movant's rearraignment the court stated, "[y]ou should never depend or rely upon any statement or promise by anyone, whether connected with a law enforcement agency, or the government, or anyone else as to what penalty will be assessed against you." CR Doc. 37 at 12. The court then asked movant if "anyone made any promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?" CR. Doc. 37 at 26. He answered no. CR. Doc. 37 at 26. Furthermore, the record demonstrates that movant's plea was entered into with the knowledge that by entering a plea of guilty movant would not go to trial. CR. Doc. 37 at 11-12. Movant

7

indicated that he understood all of these explanations and with all of this information, movant entered a plea of guilty. CR. Doc. 37 at 13, 18, 22, & 26-27.

IV.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 6, 2016.

JOHN McBRYDE
United States District Judge